IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>          Plaintiff,          )<br>                              )<br>     v.                       )<br>                              )<br>DEANTHONY R. GUTHRIE,         )<br>                              )<br>          Defendant.          ) | Criminal Action No.<br>09-00088-01-CR-W-NKL |

### REPORT AND RECOMMENDATION
### TO ACCEPT DEFENDANT'S GUILTY PLEA

On April 2, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### I.    BACKGROUND

On March 11, 2009, an indictment was returned charging defendant with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. On April 2, 2009, defendant appeared before me with his counsel, Assistant Federal Public Defender Ronna Holloman-Hughes. The government was represented by Assistant United States Attorney

Bruce Clark. The proceedings were recorded and a transcript of the hearing was filed on April 2, 2009.

## *II. AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he

2

waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. <u>United States v. Torres</u>, 258 F.3d at 795. Applying the <u>Peretz</u> holding and the reasoning of <u>Williams</u>, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." <u>Id.</u> Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. <u>Id.</u> at 796 (citing <u>United States v. Dees</u>, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. <u>Id.</u> "Consent is the key." <u>Id.</u> (quoting <u>United States v. Williams</u>, 23 F.3d at 633).

The <u>Torres</u> court also addressed the implications of such a delegation for Article III's case and controversy clause. <u>Id.</u> Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. <u>Id.</u> Moreover, the district court's *de novo* review of the plea

3

proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. On March 11, 2009, an indictment was returned charging defendant with one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant understood the charges in the indictment (Tr. at 3-4).

2. The statutory penalty is not more than ten years in prison, not more than $250,000 fine, not more than three years supervised release, and a $100 special assessment (Tr. at 4).

3. Defendant was advised of and understood the following:

    a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 4);

    b. That he has the right to assistance of counsel throughout the trial (Tr. at 4-5);

4

c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 5);

d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 5);

e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 6);

f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 6); and

g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 6-7).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 7).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 7). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 8). Defendant stated that he understood (Tr. at 8).

5

6. Defense counsel had full access to the government's file and agreed that her review of the evidence and her independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 8).

7. The government made the following factual basis for the crime to which defendant intends to plead guilty:

> on January 22nd of this year, officers of the Kansas City, Missouri, Police Department attempted to make a stop of Mr. Guthrie. He was driving his vehicle at the time. They were not successful initially; he got away. They eventually reacquired him. He pulled into a parking lot. He got out of his vehicle and started walking toward them. They stopped him and placed him under arrest. At that time he had a holster in his belt. The holster was empty, but it had a magazine also with that holster. In addition, a subsequent search of the vehicle found a firearm, which is the Smith & Wesson .9mm that is mentioned in count one of the Indictment. There were bullets recovered from the magazine in the holster; there was a magazine also in the firearm. The police recovered those bullets. There were 28 rounds recovered altogether. Twenty-four of the FC rounds. There were two Blazers, one Winchester and one PMC round. None of those rounds are manufactured in the state of Missouri. The evidence would further be that Mr. Guthrie has a prior felony conviction, which was a 2007 conviction for robbery in the second degree. Mr. Guthrie made a statement where he basically admitted the possession of the holster that they found on his belt.

(Tr. at 8-9).

8. Defendant was placed under oath (Tr. at 10) and admitted the following: That on or about January 22, 2009, he had previously suffered at least one felony conviction, that he had on his person in the Kansas City area a holster that contained a magazine which had rounds of ammunition in it, he

6

knew he had the ammunition, and he knew that as a convicted felon he was not supposed to have ammunition (Tr. at 10-11).

9. There is no plea agreement, but the government has agreed to dismiss count one at sentencing (Tr. at 11).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 12).

11. Defendant is satisfied with the advice and guidance he has received from Ms. Holloman-Hughes (Tr. at 12). There is nothing she has done that defendant did not want her to do (Tr. at 12). There is nothing she has failed to do that defendant wanted her to do (Tr. at 12).

12. Defendant is 21 years of age (Tr. at 12). He has a 10th grade education (Tr. at 12-13). Defendant has no mental health or substance abuse issues (Tr. at 13).

13. Defendant tendered a plea of guilty to count two of the indictment (Tr. at 13-14).

## *IV. ELEMENTS OF THE CHARGED OFFENSES*

According to the Eighth Circuit Model Criminal Jury Instructions, the crime of possessing ammunition after having been convicted of a felony has three essential elements:

One, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Two, the defendant thereafter knowingly possessed ammunition; and

Three, the ammunition was transported across a state line at some time during or before the defendant's possession of it. Eighth Circuit Model Criminal Jury Instruction 6.18.922.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in count two of this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged in count two of the indictment.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
April 6, 2009